T.C. Summary Opinion 2010-54

UNITED STATES TAX COURT

ALBERT LAWRENCE BOMER, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27711-08S.                    Filed April 26, 2010.

Albert Lawrence Bomer, Jr., pro se.

Alicia A. Mazurek, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $4,667 and an accuracy-related penalty under section 6662(a) and (b)(1) of $933.40. The issues for decision are: (1) Whether petitioner is entitled to an earned income credit, and (2) whether petitioner is liable for the accuracy-related penalty. We hold that petitioner is not entitled to an earned income credit and that petitioner is liable for the accuracy-related penalty.

## Background

All of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of Michigan when the petition was filed.

Throughout 2007 petitioner was incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan. Petitioner has been incarcerated since 1997 and is serving a 40-year sentence.

While incarcerated petitioner filed his 2007 Federal income tax return reporting wages of $15,640 and claiming an earned income credit of $4,667. Respondent's records do not indicate that petitioner had wages in 2007. Petitioner is unable to disclose how the income reported on his 2007 Federal income tax

return was earned, but asserts that the income was not from work completed within the prison.

In a notice of deficiency respondent determined that petitioner is not entitled to an earned income credit. Respondent also determined that petitioner is liable for the accuracy-related penalty based on negligence or disregard of rules or regulations.

## Discussion

### I.  Earned Income Credit

An eligible individual is allowed an earned income credit for the taxable year in an amount equal to the credit percentage of so much of the taxpayer's earned income as does not exceed the earned income amount.  Sec. 32(a).  Earned income includes wages, salaries, tips, and other employee compensation.  Sec. 32(c)(2)(A)(i).  However, section 32(c)(2)(B) excludes certain items from the definition of earned income.  Specifically, section 32(c)(2)(B)(iv) provides that "no amount received for services provided by an individual while the individual is an inmate at a penal institution shall be taken into account" in determining a taxpayer's earned income.

Petitioner contends that income he reported on his 2007 Federal income tax return was not earned for work completed within the prison.  Regardless of petitioner's contention, the sole inquiry is whether a taxpayer earned income while he was an

inmate at a penal institution; other factors, such as the source of the income, are irrelevant. Rogers v. Commissioner, T.C. Memo. 2004-245.

In construing a statute, courts generally seek the plain and literal meaning of its language. See United States v. Locke, 471 U.S. 84, 93 (1985); United States v. Am. Trucking Associations, Inc., 310 U.S. 534, 543 (1940); Wilson v. Commissioner, T.C. Memo. 2001-139. Under the plain and literal language of section 32(c)(2)(B)(iv), it makes no difference whether a taxpayer performed services at a location inside or outside the penal institution. Rogers v. Commissioner, supra.

Because petitioner was an inmate at a penal institution throughout 2007, all of his income is excluded from the computation of the earned income credit. Therefore, we hold that petitioner is not entitled to the earned income credit.

II. Section 6662(a) Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). The Commissioner bears the burden of production, sec. 7491(c), but, if satisfied, the taxpayer then bears the ultimate

burden of persuasion, <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Respondent has met his burden; therefore, the burden is on petitioner.

Section 6664 provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

After considering the totality of the facts and circumstances, we are satisfied that petitioner did not have reasonable cause to believe that he was entitled to the earned income credit and did not act in good faith within the meaning of section 6664(c)(1). Accordingly, we hold that petitioner is liable for the accuracy-related penalty under section 6662.

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.